UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

NEW BERRY INC,

 Plaintiff,

 v.

TODD G. SMITH, et al.,

 Defendants.

Case No. 2:19-CV-159 JD

## OPINION AND ORDER

  Plaintiff New Berry sued Defendants Todd Smith, Allan MacRae, and MacRae Technologies raising patent infringement, trade secret, and tortious interference claims in relation to the installation of production technology in a Gary steel plant. The Defendants moved to dismiss alleging improper venue, lack of personal jurisdiction, and failure to state claims upon which relief could be granted. New Berry responded to the motions to dismiss with a request that the Court allow it time to conduct limited discovery on the propriety of personal jurisdiction and venue. (DE 27.)[1] For the following reasons, the Court grants New Berry's request and vacates the Defendants' pending motions to dismiss with leave to refile following the limited discovery period.

### I. Background

  New Berry, Inc., which does business as Berry Metal Company (together "Berry"), is a service provider and manufacturer of technology for use in the iron and steel industry. (DE 1 at

---

[1] New Berry filed what appears to be two motions for limited discovery, DE 27 and DE 28. But the second motion for discovery, DE 28, just amends the original attachments in the first motion for discovery, DE 27, which was the motion that the parties briefed.

1, ¶ 11.) The company specializes, in part, in designing and manufacturing cooling staves that the steel industry uses in its metal-making furnaces. (*Id.*) Mr. Smith is a former Berry employee who is now president of his own business located in Pennsylvania. (DE 1 ¶ 29; DE 20-1 ¶ 2.) MacRae Technologies is a California corporation that also specializes in iron and steel industry technologies. Mr. MacRae is the president of MacRae Technologies. (DE 1 ¶¶ 15–18; DE 15-1 ¶ 2.)

Berry's complaint in part centers on the purported relationship Mr. Smith has had with Mr. MacRae and MacRae Technologies. While at Berry, Mr. Smith developed and was named as the inventor on two cooling stave patents that were assigned to Berry under an employment agreement Mr. Smith had with Berry. (DE 1 ¶¶ 29–34.) Berry alleges that Mr. Smith shared the Berry trade secrets while collaborating with Mr. MacRae and MacRae Technologies on steel production technology starting while Mr. Smith was still employed with Berry and continuing after he left. (DE 1 ¶ 35.) Mr. Smith's collaboration with the MacRae Defendants amounted to misappropriation of Berry's trade secrets that eventually led Mr. MacRae to apply for and receive a cooling stave patent of his own that infringed on a Berry patent, according to Berry. (DE 1 ¶¶ 38–43.)

The events that specifically gave rise to this suit occurred when the allegedly infringing technology found its way into a United States Steel plant in Gary, Indiana ("Gary Works"). In the winter of 2017, U.S. Steel had requested a proposal from Berry to replace several Berry cooling staves in its Gary Works plant. (DE 1 ¶ 44.) Berry submitted a proposal that received preliminary approval but later found out that it lost the bid to replace the cooling staves to a Brazilian company, Cecal. (DE 1 ¶ 47.) Berry alleges that Cecal, which manufactured and installed the replacement staves, was able to do so because MacRae Technologies had licensed to Cecal the infringing cooling stave patent MacRae Technologies owned and had originally

developed based on Mr. Smith's misappropriated Berry trade secrets. (DE 1 ¶ 48.) Berry additionally alleges that the Defendants marketed and offered the infringing staves to U.S. Steel, induced Cecal to manufacture the infringing staves, and participated in the sale of the infringing staves to U.S. Steel as part of what is an ongoing business relationship. (DE 1 ¶¶ 50–53.) Berry claims the installation of the infringing staves at Gary Works to replace the Berry-developed staves resulted in harm to Berry's business and is the basis for its lawsuit.

The Defendants denied Berry's allegations and brought motions to dismiss based on what they viewed not only as an insufficiently pled case but also an insufficient connection to the Northern District of Indiana. (DE 15; DE 20.) Mr. Smith and the MacRae Defendants allege that their businesses and significant connections are limited to Pennsylvania and California, respectively, and that Berry has not provided enough evidence to justify the Court's finding that it has personal jurisdiction over the parties or that venue is proper in this Court. Berry admits that more evidence is necessary to "determine the appropriateness of this Court to hear the instant dispute" and has thus requested the limited discovery the Court is considering in this order. (DE 27 ¶ 3.) The Defendants oppose Berry's discovery request, arguing Berry has not made the necessary showing to warrant a grant of limited discovery. (DE 35; DE 37.)

**II. Standard of Review**

A party requesting limited discovery does not have a high burden to meet. It is widely accepted that discovery should be freely permitted in civil litigation, *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998) (citing *Edmond v. United States Postal Service Gen. Counsel*, 949 F.2d 415, 428 (D.C. Cir. 1991)), and that district courts have "extremely broad discretion" in controlling discovery, *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). That discretion extends to allowing discovery in response to questions that arise over

proper jurisdiction and venue. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."). And a district court risks abusing its discretion if it does not allow at least some limited discovery into such disputes. *Andersen*, 179 F.R.D. at 241.

While a court's discretion is broad, the plaintiff does have to meet some evidentiary threshold, even if it is "quite low." *Id.* at 242 (citing *Ellis v. Fortune Seas*, 175 F.R.D. 308, 312 (S.D. Ind. 1997) (collecting cases)). Specifically, a plaintiff must make a prima facie case demonstrating that personal jurisdiction and venue *might* exist. *Id.*; *see also Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reins. Co.*, 440 F.3d 870, 877–878 (7th Cir. 2006); *Weeks*, 126 F.3d at 943. A plaintiff can meet this threshold by showing the current factual record is at least ambiguous or unclear as to jurisdiction and venue. *See Andersen*, 179 F.R.D. 236 at 241; *Nat'l Cas. Co. v. Nat'l Ass'n of Intercollegiate Ath.*, No. 16-2145, 2016 U.S. Dist. LEXIS 100098, at *11 (C.D. Ill. July 26, 2016).

**III. Discussion**

   *A. Personal Jurisdiction*

The parties' dispute over personal jurisdiction centers on whether the Court has specific jurisdiction over the Defendants. (DE 27 ¶¶ 5–6; DE 35 at 4–5; DE 37 at 1.) A court has specific jurisdiction over a party when: 1) the defendant purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; 2) the alleged injury arose from the defendant's forum-related activities; and 3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

Berry argues this Court has personal jurisdiction over the MacRae Defendants because they knowingly targeted commerce in the Northern District of Indiana by licensing infringing technology to Cecal and helping to get the technology placed in the Gary Works plant. (DE 27 ¶ 6.) It further alleges the Court has personal jurisdiction over Mr. Smith because Mr. Smith both participated in the targeting of commerce by giving the MacRae Defendants the trade secrets that allowed them to get the infringing patent and travelled to the Gary Works plant after the infringing staves were installed to observe preliminary testing on them. (*Id.*) The Defendants argue Berry has not provided enough evidence to meet its burden because Berry has not shown a direct link between the Defendants and Cecal in relation to the allegedly infringing patent and stave installation or shown that the Defendants had sufficient contact with the Northern District of Indiana. (DE 35; DE 37.)

While the Defendants correctly point to current holes in Berry's personal jurisdiction allegations, Berry has shown enough evidence for the Court to conclude there is some ambiguity about personal jurisdiction and allow Berry limited discovery. The Court specifically notes that Berry has produced evidence that Mr. Smith was under an agreement to assign Berry the rights to anything he invented while employed with Berry (DE 1-3), that MacRae Technologies has a connection to Cecal as a co-assignee on a March 2019 patent application (DE 28-1), that Mr. MacRae and Mr. Smith have had discussions about use of the allegedly infringing patent that Berry claims Cecal used to install the cooling staves in the Gary Works plant (DE 34-3 ¶ 6), and that Mr. Smith travelled to the Gary Works plant to observe testing on the allegedly infringing staves (DE 20-1). This evidence, taken together, creates enough ambiguity for the Court to conclude it might be possible that the Defendants purposefully directed their activities toward the district in a way that injured Berry. Further, the injuries are alleged to have taken place at the

5

Gary Works plant within the Northern District of Indiana, which creates ambiguity as to whether fairness considerations would support litigation in this district. Thus, the Court finds there is sufficient basis to grant Berry limited discovery as to personal jurisdiction.

### B. Venue

There are two different requirements for venue in this case because of the nature of the various claims. Berry's first ten counts allege patent infringement, which subjects the claims in those counts to venue as defined under 28 U.S.C. § 1400(b). *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, S.Ct. 1514, 1518 (2017) (holding that § 1400(b) is the "exclusive provision controlling venue in patent infringement proceedings."). Section 1400(b) dictates that venue is proper in any district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). Venue for the remaining trade secret and tortious interference claims is governed by 28 U.S.C. § 1391, which allows venue in a district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b).

Berry used many of the same arguments and much of the same evidence it put forward for personal jurisdiction to argue for discovery related to venue. It again pointed to the relationship between Mr. Smith and the MacRae Defendants over the allegedly infringing patent, the connection between MacRae Technologies and Cecal as co-assignees on a patent, and Mr. Smith's visit to the Gary Works plant to observe preliminary testing of the cooling staves. (DE 20-1 ¶ 14–15; DE 28-1; DE 34-3 ¶ 6.) The Defendants similarly once again argued Berry had not produced enough evidence to meet its burden. Having considered the evidence and arguments the parties presented, the Court finds there is enough ambiguity as to whether venue is proper in this Court under § 1391 to warrant limited discovery on that issue. Further, while Berry did not

6

directly address whether the Defendants have regular and established places of business in the Northern District of Indiana, the Court agrees with Berry that there is enough of a "factual haze" (DE 38 at 3) created by the evidence and Mr. MacRae and Mr. Smith's declarations to warrant limited discovery on whether venue is also proper in this Court under § 1400(b).

### C. Scope of Discovery

Berry included specific requests for discovery in its motion and the Court, relying on its broad discretion to allow discovery related to personal jurisdiction and venue, grants Berry's requests. *See Oppenheimer Fund,* 437 U.S. at 351 n.13; *Weeks*, 126 F.3d at 943. Berry specifically has leave to serve requests for documents and interrogatories directed to the nature of the connections among Mr. Smith, the MacRae Defendants, and the Northern District of Indiana. Those requests can also include inquiries into the nature of the relationships between the Defendants and Cecal because of Cecal's connections to the underlying claims. The Court further allows Berry to take depositions of Mr. Smith and the MacRae Defendants for the same limited purpose as the requests for documents and interrogatories. The Court requires that Berry complete this authorized limited discovery within ninety days of the filing of this order. The limited discovery will not count against limitations set forth in the Federal Rules of Civil Procedure.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS the Plaintiff's request for leave to conduct limited discovery to assess the propriety of personal jurisdiction and venue in this Court (DE 27) in conformity with this order. The Court also directs the Clerk to remove the motion designation

from the second filed motion for limited discovery (DE 28). In light of the Court's grant of the Plaintiff's request for limited discovery, the Court further VACATES the Defendants' currently pending motions to dismiss (DE 15; DE 20) with leave to refile should the Plaintiff decide to continue with its case in this Court after the limited discovery concludes.

SO ORDERED.

ENTERED: February 5, 2021

                                                    /s/ JON E. DEGUILIO
                                                    Chief Judge
                                                    United States District Court