UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NEW BERRY, INC., d/b/a BERRY METAL COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:19-CV-159-JD-JEM |
| TODD G. SMITH, *et al.*, Defendants. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Discovery from Defendant Todd Smith [DE 51], filed on May 11, 2021. Plaintiff requests that the Court compel Defendant Todd Smith to produce a number of documents and provide sworn interrogatory responses. Defendant Smith filed a response on May 17, 2021, and Plaintiff filed a reply on May 24, 2021.

**I.    Background**

On May 2, 2019, Plaintiff filed a Complaint claiming patent infringement, disclosure of trade secrets, and tortious interference with business relationships in relation to the installation of production technology in a U.S. Steel plant in Gary, Indiana. Plaintiff alleges that Defendant Smith collaborated with Defendant MacRae Technologies, Inc., and its president Defendant Allen MacRae to misappropriate Plaintiff's trade secrets.

In response to a motion to dismiss, Plaintiff requested leave to conduct limited discovery to assess the propriety of personal jurisdiction and venue. On February 5, 2021, Judge DeGuilio issued an Opinion and Order concluding, in part, that limited discovery was appropriate. With respect to Defendant Smith, Judge DeGuilio noted that Smith's communications with the MacRae

1

Defendants and Smith's travel to the Indiana Steel plant created ambiguity as to whether the Court has personal jurisdiction over Defendants. He granted Plaintiff 90 days to take depositions and serve requests for documents and interrogatories directed to the nature of the connections between Defendants and the Northern District of Indiana. Plaintiff represents that the responses it has received from Defendant Smith are deficient and requests that the Court compel Defendant Smith to produce complete responses.

## II.     Legal Standard

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

## III.    Analysis

Plaintiff asserts that rather than produce documents, Smith directed Plaintiff to discovery

responses in a different litigation pending in the Eastern District of Pennsylvania. Smith represents that since the instant Motion was filed, he has provided supplemental documentation and responses. However, Plaintiff contends that the responses remain deficient.

    A.    <u>Requests for Production</u>

Plaintiff served 17 requests for production on Smith. Plaintiff asserts that Smith initially failed to produce any documents, instead directing Plaintiff to discovery produced in a different suit in Pennsylvania. Although Smith provided supplemental documents after Plaintiff filed the instant Motion, Plaintiff asserts that Smith only produced 22 pages of documents and continues to direct Plaintiff to documents that Smith produced in the Pennsylvania case.

Plaintiff argues that merely directing Plaintiff to documents Smith produced in a separate case is not responsive to the discovery requests in this case because the scope of discovery is not the same and the Pennsylvania production has been designated confidential by a protective order. Smith argues that he should be allowed to rely on the same documents produced in the Pennsylvania case because the two are companion cases and Plaintiff is represented by the same law firm in both cases. Smith also argues that the expense and inconvenience of duplicate document production is unreasonable, particularly since Plaintiff's counsel has reviewed the relevant documents in the Pennsylvania suit.

It may be that the discovery produced in the Pennsylvania suit overlaps with the discovery in this suit; however, a blanket reference to the document production in the Pennsylvania suit is insufficient to relieve Smith of his discovery obligations in the instant suit. *See* Fed. R. Civ. P. 34(b)(2)(B); *Taylor v. Cook County Sheriff's Office*, 13 C 1856, 2019 WL 4415765, at *3 (N.D.

3

Ill. Sept. 16, 2019) ("The fact that Defendants . . . may have been in possession of the documents . . . is not an excuse or good cause for Plaintiff not to produce the documents himself in response to Defendants' discovery requests."); *Novelty, Inc. v. Mountain View Mktg., Inc*., 265 F.R.D. 370, 375 (S.D. Ind. 2009), clarified on denial of reconsideration, 107CV01229SEBJMS, 2010 WL 11561280 (S.D. Ind. Jan. 29, 2010) (citing *Langley v. Union Elec. Co*., 107 F.3d 510, 513 (7th Cir. 1997) ("[A] proper response to a request for production requires the responding party—within the specified time—to actually produce the responsive documents for inspection or copying.")). Smith has an obligation to produce documents in response to Plaintiff's requests in this case.

After the instant Motion was filed, Smith produced 22 documents to Plaintiff. He contends that, with the documents he has provided to Plaintiff thus far by directing Plaintiff to the Pennsylvania production and the 22-page supplemental production, Plaintiff now has enough information to conduct Smith's deposition and therefore Smith need not produce further documents. Although he produced some responsive documents, Smith also objects generally to Plaintiff's requests on the basis that they are beyond the scope of the jurisdictional discovery permitted at this point.

While discovery at this stage is limited in its scope, the Federal Rules governing discovery still apply: Rule 34 requires a party to either produce all the documents requested or state that they are withholding responsive materials on the basis of an objection. In this case, Smith has produced 22 documents, but objects to further production. He asserts generally that Plaintiff's requests are beyond the scope of the jurisdictional discovery permitted by Judge DeGuilio's Order but does not provide any additional explanation or any specific argument regarding any individual request. As

4

the objecting party, Smith bears the burden of demonstrating why Plaintiff's requests are improper. *McGrath*, 625 F. Supp. 2d at 670. A general assertion that the requests are over-broad does not satisfy this burden, and the Court notes that Smith has not sought a protective order to preclude his need to respond to the requests. *See* Fed. R. Civ. P. 26(c)(1). Because Smith has not provided any specific argument regarding why the requests are beyond the scope of permitted discovery, the Court will not parse through each of the 17 requests at this point. Smith has not demonstrated that Plaintiff's discovery requests are irrelevant and has not fulfilled his discovery obligations by merely directing Plaintiff to documents produced in the Pennsylvania case, and therefore must produce documents responsive to each of Plaintiff's requests for production.

    B.    <u>Interrogatories</u>

Plaintiff also asserts that Smith's supplemental responses to the interrogatories are inadequate. He argues that Smith did not respond to interrogatories 1-16 and 19 with substantive responses and did not respond to interrogatories 17 or 18 with enough specificity. In the interrogatories, Plaintiff requests that Smith identify his communications, relationships, and visits with companies and persons in Indiana. Smith's responses to interrogatories 1-16 and 19 are similar and after listing a long set of objections state, "Without prejudice to the above objections, Todd G. Smith answers that he will exercise his option under FRCP 33(d) to produce his emails, from which the information being sought by this interrogatory may be ascertained. These emails have already been produced in the companion case in the Western District of Pennsylvania." As described above, this response is inadequate, and Smith must supplement his responses.

Interrogatories 17 and 18 request that Smith list the date, duration, and location of the work

performed in Indiana for U.S. Steel or as a subcontractor for other companies. Smith's initial responses did not include specific date ranges, and Plaintiff argues that the supplements are still insufficient. Smith's supplemental response to Interrogatory 17 lists the dates and durations of each of his trips to Indiana, including the purpose of each visit and his work title and role for each trip, and is therefore sufficient. However, his supplementary response to Interrogatory 18 does not provide the duration of each trip to Indiana or the purpose of each visit. Just as Smith supplemented his response to Interrogatory 17 to include the length of time he spent in Indiana on each trip, he must supplement his response to Interrogatory 18 so that it is clear as to the date, duration, and purpose of each of Smith's trips to work for U.S. Steel in Gary, Indiana, as this information may weigh directly on the question of personal jurisdiction.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion to Compel Discovery from Defendant Todd Smith [DE 51]. The Court **ORDERS** Defendant Smith to respond to Plaintiff's request for production and Interrogatories 1-16 and 18-20 in accordance with this Order by **July 6, 2021**.

Because the Motion to Compel is granted, the Court "must, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ P. 37(a)(5)(A). Accordingly, the Court hereby **ORDERS** Plaintiff to **FILE**, on or before **June 28, 2021**, an itemization of its costs and fees, including attorney's fees, incurred in making the Motion to Compel along with argument as to why those expenses are reasonable in this situation, with Defendant Smith to **FILE** a response with the Court to Plaintiff's request for reasonable expenses

incurred in making the instant Motion on or before **July 12, 2021**, and Plaintiff to reply on or before **July 19, 2021**.

The Court hereby **ORDERS** that the deadline for the parties conduct limited discovery on the issue of jurisdiction is extended to **July 6, 2021**, with the parties to file a joint status report on the status of jurisdictional discovery by **July 12, 2021**.

SO ORDERED this 15th day of June, 2021.

                                                s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record